IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAY,<br><br>　　　　　Defendant. | Case No. 17-cr-00176-CRB-1<br><br>**ORDER GRANTING COMPASSIONATE RELEASE** |

Subhash Jay has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See generally Mot. (dkt. 61). The Government does not oppose his request. See Response (dkt. 68) at 1. The Court agrees that Jay has satisfied the requirements of § 3582(c)(1)(A) and the applicable Sentencing Commission policy statement. Jay's motion for compassionate release is therefore granted. The Court determines that there is no need for oral argument on this matter.

18 U.S.C. § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

"[A]fter considering" the sentencing factors from 18 U.S.C. § 3553(a) "to the extent that they are applicable," a court may grant the motion to reduce the defendant's sentence in one of two circumstances. First, "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i). Second, if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or

offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." Id. § 3582(c)(1)(A)(ii).

A reduction in sentence under § 3582(c) must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A); see also Dillon v. United States, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission policy statement applicable to 18 U.S.C. § 3582(c)(2) remains mandatory, even after United States v. Booker, 543 U.S. 220 (2005)). Although the statute does not define the term "extraordinary and compelling reasons," the Sentencing Commission has. The application notes to U.S.S.G. § 1B1.3 enumerate five circumstances that establish "extraordinary and compelling reasons" to reduce a defendant's sentence.

The first two relate to the defendant's medical condition. The "extraordinary and compelling reasons" standard is satisfied if "[t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)." U.S.S.G. § 1B1.13 cmt. n.1(A)(i). It is also satisfied by "a serious physical or medical condition, . . . serious functional or cognitive impairment, or . . . deteriorating physical or mental health because of the aging process . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Id. § 1B1.13 cmt. n.1(A)(ii). The defendant's age qualifies as a third extraordinary and compelling reason if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id. § 1B1.13 cmt. n.1(B). Family circumstances requiring the defendant to care for minor children or a spouse or registered partner are a fourth qualifying reason. Id. § 1B1.13 cmt. n.1(C). Fifth, a catch-all provides for relief if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. § 1B1.13 cmt. n.1(D).

Jay has satisfied these requirements. First, he has exhausted his administrative remedies

because more than thirty days have lapsed since he submitted a written request for compassionate release to the warden of his facility. See Au Decl. Ex. D (dkt. 61-5).

Second, the Court has considered the applicable sentencing factors from 18 U.S.C. § 3553(a) and finds that they are consistent with granting Jay's motion for compassionate release. Because Jay has served over half of his thirty-month sentence, see Amended Judgment (dkt. 40) at 2, early release is not inconsistent with "the nature and circumstances of the offense and the history and characteristics of the defendant," providing just punishment and adequate deterrence, the applicable sentencing range and policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a). Because Jay is a non-violent offender and has had no disciplinary incidents while in custody, early release is consistent with "protect[ing] the public from further crimes of the defendant." See Jay Decl. ¶ 3; PSR (dkt. 24) ¶¶ 6–7; see also 18 U.S.C. § 3553(a)(2)(C). And, as discussed in greater detail below, the "need . . . to provide the defendant with needed . . . medical care . . . in the most effective manner" weighs in favor of early release. See 18 U.S.C. § 3553(a)(2)(D).

Third, "extraordinary and compelling reasons," as defined by the applicable Sentencing Commission policy statement, "warrant . . . a reduction." See 18 U.S.C. § 3582(c)(1)(A)(i). Jay suffers from a number of "serious physical or medical condition[s]," including diabetes and heart disease, from which he "is not expected to recover." See PSR ¶ 49; Jay Decl. Ex. A (dkt. 61-10); see also U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). The Court finds that in the context of the COVID-19 pandemic, these medical conditions, which render Jay uniquely vulnerable to serious illness if he contracts COVID-19,[1] "substantially diminish[ ]" his ability "to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii); see also United States v. Perez, 17 Cr. 513-3 (AT), 2020 WL 1546422, at *4 (S.D.N.Y. Apr. 1, 2020). "Confined to a small cell where social distancing is impossible, [Jay] cannot provide self-care because he cannot protect himself from the spread of a dangerous and highly contagious virus." Perez, 2020 WL

---

[1] Centers for Disease Control and Prevention, People who are at higher risk for severe illness (March 26, 2020), http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

1546422, at *4.

For the foregoing reasons, Jay's motion for compassionate release is granted. He is to be released immediately from the custody of the Bureau of Prisons.

**IT IS SO ORDERED.**

Dated: June 11, 2020



CHARLES R. BREYER
United States District Judge